UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CLYDE OWEN DAY, JR., #1177017  :
               :
    Petitioner,     :
               :
v.             : Civil Action No. 2:11CV0079
               :
HAROLD W. CLARKE, Director    :
Virginia Dep't of Corrections, :
               :
    Respondent.    :

## MAGISTRATE JUDGES REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure.

## I.  STATEMENT OF THE CASE

On April 12, 2005, in the Circuit Court for the City of Fredericksburg, Virginia, petitioner Clyde Owen Day, Jr. ("Day") was convicted of incest, sentenced to 20 years in prison and fined $100,000. (ECF No. 1 at 1). Day appealed to the Court of Appeals of Virginia, arguing the trial court erred in refusing to admit DNA tests and that the jury was prejudiced by seeing him in leg shackles. The Court of Appeals of Virginia denied the appeal on April 9, 2008. (ECF No. 12-2 at 1). Day filed a Demand for Consideration by a Three Judge Panel of the Court of

Appeals, which subsequently denied the petition on June 26, 2008. (ECP No. 12-1 at 1). Day then filed a Notice of Appeal to the Supreme Court of Virginia. The Supreme Court of Virginia denied the petition for appeal on November 12, 2008, and denied a motion for rehearing on February 6, 2009. (ECP No. 1 at 3-4).

On November 13, 2009, Day filed a petition for writ of habeas corpus in the Supreme Court of Virginia. Day's state habeas petition alleges numerous claims, three of which he asserts in this federal habeas petition. He claims: 1) that he was denied effective assistance of counsel, 2) that the trial court erred in not granting a mistrial due to the jury seeing Day in shackles during voir dire, and 3) that the trial judge improperly "recalled" that Day had stated prior to trial he was ready for trial despite problems associated with his trial attorney. (ECF No. 1 at 7-10). The Supreme Court dismissed the petition on January 19, 2011. (ECF No. 1-1 at 15).

On February 3, 2011, Day, proceeding pro se, filed this petition for federal habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In it, he asserts the aforementioned three grounds for relief: 1) that he was denied effective assistance of counsel, 2) that the trial court erred in not granting a mistrial due to the jury seeing Day in shackles, and 3) that the trial judge improperly "recalled" Day had stated prior to trial he was ready for trial despite problems associated with his

trial attorney. Respondent filed his Rule 5 Answer and Motion to Dismiss, along with brief in support, on May 16, 2011. (ECF Nos. 10 to 12). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K), Day was given an opportunity to respond to respondent's Motion to Dismiss with any material he wished to offer in rebuttal. (ECF No. 13). Day filed his response on May 31, 2011. (ECF No. 14) Accordingly, respondent's Motion to Dismiss is ripe for judicial review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett. 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76

3

(1971). Respondent concedes, and the Court agrees, that for the purposes of federal review, Day's claims have been exhausted.

Claims two and three in Day's federal petition are procedurally defaulted. A federal habeas petitioner's claims are procedurally defaulted "[if] a state court clearly and expressly bases its dismissal on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Breard, 134 F. 3d at 619 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A state rule is adequate and independent where it is "regularly or consistently applied by the state court," and "does not rely on a rule of federal constitutional law." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1994) (citing Johnson v. Mississippi, 468 U.S. 578, 587 (1988)). A petitioner may overcome a procedural default by showing "cause and prejudice" or by establishing that his confinement constitutes "a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). A procedural default is excusable under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and (2) that "errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009)

4

(quoting _Murray v. Carrier_, 477 U.S. 478, 488 (1986); _United States v. Frady_, 456 U.S. 156, 170 (1982)).  A proper showing of "actual innocence" is sufficient to satisfy the "miscarriage of justice" requirement.  _See_ _House v. Bell_, 547 U.S. 518, 536-37 (2006).

Day asserts the district court erred when it failed to grant a mistrial when the jury saw him in shackles.  On direct review, the Virginia Court of Appeals affirmed the trial court's action, holding that Day had not properly preserved the issue by making a timely motion for a mistrial.  Because the issue had been raised and decided at trial and on direct appeal, Day's state habeas petition on this issue was barred. _Henry v. Warden_, 576 S.E.2d 495, 496 (Va. 2003).  In _Henry v. Warden_, the Supreme Court of Virginia held that non-jurisdictional matters already litigated at trial, and on direct appeal were not subject to state habeas review.  _Id._ at 496.  The rule in _Henry_ does not preclude federal habeas review in every case.  _Ellis v. Johnson_, No. 2:09-CV-394, 2010 WL 1381654, at *2 (E.D. Va. Jan. 29, 2010); _Bell v. True_, 413 F.Supp.2d 657, 728 (W.D. Va. 2006).  However, where, as here, denial on direct appeal was also based on an adequate and independent state ground the claim is procedurally defaulted in federal court.  "A claim that could have been raised at the criminal trial or on direct appeal is not cognizable in habeas corpus because to do so would

circumvent the trial and appellate process for non-jurisdictional defects." <u>Henry v. Warden</u>, 576 S.E.2d 495, 496 (Va. 2003) (citing <u>Slayton v. Parrigan</u>, 205 S.E.2d 680, 682 (1974)). "Under federal habeas law, [this Court is] not at liberty to question a state court's application of a state procedural rule because a state court's finding of procedural default is not reviewable if the finding is based upon an adequate and independent state ground." <u>Williams v. French</u>, 148 F.3d 203, 209 (4th Cir. 1998) (citing <u>Harris v. Reed</u>, 489 U.S. 255, 262 (1985)). Thus, absent cause and prejudice or proof of a miscarriage of justice, which Day does not assert nor does this Court find, Day's current ground for relief concerning the trial court's alleged error in failing to grant a mistrial is barred from federal habeas review. The claim was "clearly and expressly" denied on the independent state grounds that Day had failed to preserve it by timely objection.[1] <u>Bennett v. Angelone</u>, 92 F.3d 1136, 1343 (4th Cir. 1996).

Day is also procedurally barred in his assertion that the trial judge improperly "recalled" he was ready for trial despite alleged problems associated with his trial attorney. The Supreme Court of Virginia concluded that Day could have raised this issue at trial or on direct appeal, but did not. The Court

---

[1] As set forth in the Supreme Court's analysis of Day's ineffectiveness claim, notwithstanding Day's untimely objection, the trial court's action following his counsel's motion for a mistrial on the leg shackle issue was proper.

therefore dismissed the claim as procedurally defaulted under Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974). The rule set forth in Slayton constitutes an adequate and independent state ground for the denial of habeas relief. See, e.g., Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir.); Beaver v. Thompson, 93 F.3d 1186, 1194 (4th Cir.1996). This Court does not find cause and prejudice to excuse Day's default nor does Day raise the issue. Therefore, this Court may not review Day's claim on this ground.

Day's ineffectiveness claim is not procedurally defaulted. However, once a petitioner's state remedies have been exhausted, a court may not grant relief on any claim adjudicated on the merits by the state court unless that adjudication "resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2). A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle,

but unreasonably applies it to the facts of the case.  Id. at 413.  Factual determinations made by a state court are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Day claims his attorney was ineffective by failing to timely object and move for a mistrial when the jury venire saw him in shackles.  To prevail on a claim of ineffective assistance of counsel, Day must show: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Counsel's performance must fall below an objective standard of reasonableness, and the deficient performance must be prejudicial.  Id.  An insufficient showing on one prong of the Strickland analysis is fatal to an entire ineffective assistance of counsel claim.  Strickland, 466 U.S. at 697.

With respect to the performance prong of Strickland, the reviewing court must defer to counsel's decisions.  466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."); see Kimmelman v. Morrison, 477 U.S. 365, 381- 82 (1986) (discussing the "highly demanding" Strickland standard).  "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption

8

that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). As it is "all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, . . . [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

If a petitioner establishes his attorney's performance fell below the objective standard of reasonableness, the prejudice prong of the Strickland requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

Day asserts he was denied effective assistance of counsel because counsel failed to timely object to his entry into the courtroom in shackles. In denying his state habeas petition, the Virginia Supreme Court held that Day's claim neither

satisfied the "performance" nor the "prejudice" prong of the Strickland two-part test.  The Supreme Court explained:

> The record, including trial transcript, demonstrates that counsel called the trial court's attention to the shackles during voir dire and the shackles were subsequently removed.  Counsel also moved for a mistrial after the jury was selected, which the trial court denied.  Counsel next moved for a curative instruction, which the trial court gave to the jury. Petitioner fails to articulate what additional steps he contends counsel should have taken.  Petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

Because the Supreme Court addressed Day's claim of ineffective assistance of counsel on the merits, 28 U.S.C. § 2254(d) requires this Court deny it unless: 1) the adjudication of the claim resulted in a decision that was contrary to established Federal law; or 2) the adjudication resulted in a decision that was based on an "unreasonable application of the evidence" presented at trial.  "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."  Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011) (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002)) (internal quotation marks omitted).  The petitioner carries the burden of proof.  Id.

Day has not argued the Supreme Court's decision conflicts with any established Federal law.  It does not.  Further, the

Supreme Court's finding that Day failed to demonstrate that counsel's performance was deficient was not unreasonable. The trial transcript, offered by Day in support of his claim, clearly shows Day's counsel, Ms. Pagliaro, addressing the shackles in voir dire, in her motion for a mistrial, and in her motion for a curative instruction. Though the Court of Appeals of Virginia held that Day's motion for mistrial was not preserved for direct review due to its untimeliness, counsel's decision to wait to raise the issue outside the presence of the jury could be considered "sound trial strategy" based upon the information obtained during the proceedings. In addition, no evidence has been proffered that, but for counsel's alleged error, the proceedings would have resulted in a different conclusion. Day was convicted based on testimony of his minor victim. In addition, a stillborn fetus born to the victim was conclusively linked to Day by DNA evidence. In light of this evidence, Day cannot show prejudice from any alleged error in the venire's brief exposure to him in leg shackles. Thus, Day's claim that he was denied effective assistance of counsel due to his counsel's failure to object in a timely manner should be denied.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Day's Petition for a Writ of Habeas Corpus be DENIED, and Respondent's Motion to Dismiss be GRANTED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations.

12

<u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
November 17, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:


Clyde Owen Day, Jr. (#1177017)
Keen Mountain Correctional Center
P. O. Box 860
Oakwood, VA  24631

Kathleen Beatty Martin
Office of the Attorney General
900 E. Main Street
Richmond, VA  23219


Fernando Galindo,

Clerk of Court

By:_____
        Deputy Clerk


_____, 2011

14